IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ROBERT GENE REGA, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 08-156 |
| | ) | |
| v. | ) | Judge McVerry |
| | ) | Magistrate Judge Bissoon |
| JEFFREY A. BEARD, *et al.*, | ) | In re: Docs. 131, 143, 145, |
| | ) | 149, 152, and 153 |
| | ) | |
| Defendants. | ) | |

## ORDER OF COURT

Plaintiff Robert Rega ("Rega" of "Plaintiff"), a prisoner, has filed a motion seeking permission to conduct depositions of: (1) himself; (2) other inmates; (3) named Defendants who are Corrections Officers; and (4) Corrections Officers not named as Defendants in this case (Docs. 131 and 143). The Plaintiff did not wait for the Court's ruling on his motion, but instead purported to notice the depositions of these persons for August 18, 2008 at 10:00 a.m. (Doc. 131, Ex. A). Named Defendants have responded to the motions, and the Department of Corrections ("DOC") Defendants have filed a Motion for Protective Order (Doc. 152).

The Court agrees with Defendants that Plaintiff cannot notice his own deposition. He has already been deposed in this case, and there are other means of supplementing his testimony if the need should arise (i.e., Rega could provide an affidavit should he need to support a motion for summary judgment, or

respond to one filed by Defendants).

The notice of deposition that Plaintiff attached to his motion is defective since Plaintiff assumed the result of his motion.  Rega should have awaited a court order on the motion seeking permission to conduct depositions before purporting to schedule depositions since, unless and until the motion is granted, Plaintiff has no right to notice a deposition at all.  Plaintiff's motions (Docs. 131, 143) are DENIED to the extent that he seeks to conduct any depositions on Monday, August 18, 2008.

As for Rega's request to take depositions of other inmates, named Defendants and non-Defendant Corrections Officers, at a time and date set by the Court, and the competing Motion for Protective Order (Doc. 152) seeking to limit Rega to conducting depositions by written questions, the motions are DENIED WITHOUT PREJUDICE.  The Court will extend the discovery period, and will await the result of Plaintiff's attempt to obtain counsel before making any further rulings on the appropriate scope of discovery.

That brings the Court to Plaintiff's latest Motion for Appointment of Counsel (Doc. 149) in which he notes that the undersigned has just been appointed to this case, and asks that Magistrate Judge Caiazza's prior rulings be reconsidered.  The arrival of a new judge on a case does not offer occasion for review of decisions already made, nor has there been any material

change in the case sufficient to warrant a different ruling. Hence, the motion (Doc. 149) is DENIED.

However, Rega has attached to his motion a letter from Susan N. Williams, Esquire, who is considering entering her appearance on Rega's behalf (Doc. 149, Ex. A). Court staff contacted Attorney Williams and confirmed that she is considering entering her appearance, and was informed that she will attempt to meet with Rega next week. Although there is no basis for appointing counsel, the Court encourages *pro se* litigants to obtain counsel if possible. Hence, no further rulings on discovery matters will be made until Attorney Williams has conferred with Rega and makes her decision with respect to representing him.

Plaintiff's Motion to Extend Discovery (Doc. 145) is GRANTED. A new discovery closing date will be set after the Court learns whether Ms. Williams will be entering her appearance or not.

Finally, Judge McVerry conducted a telephone conference during Rega's deposition by counsel for Defendants. Rega has filed a motion to suppress his deposition testimony (Doc. 153) arguing that it was error for Judge McVerry to permit his deposition to proceed. This motion is DENIED. The undersigned has no authority to review Judge McVerry's rulings during the telephone conference, and there is certainly no basis for finding that Rega's deposition testimony is somehow inadmissible under

the Federal Rules.

The parties are allowed ten days from this date to appeal this order to a district judge pursuant to Rule 72.1.3(B) of the Local Rules for Magistrates. Failure to appeal within ten days may constitute waiver of the right to appeal.

s/Cathy Bissoon  
Cathy Bissoon  
United States Magistrate Judge

cc:
ROBERT GENE REGA
FA 4771
S.C.I. at Greene
175 Progress Drive
Wayneburg, PA 15370