IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

ROBERT GENE REGA,                    )
                                     )
              Plaintiff,             )        Civil Action No. 08-156
                                     )
       v.                            )        Judge McVerry
                                     )        Magistrate Judge Bissoon
JEFFREY A. BEARD, *et al.*,          )
                                     )
              Defendants.            )

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

### I. RECOMMENDATION

For the reasons that follow, it is respectfully recommended that Plaintiff's Motion for

Permanent Injunction (Doc. 226) and his Motion for Emergency Restraining Order (Doc. 228) be

denied.

### II. REPORT

Robert Gene Rega is a state prisoner currently incarcerated in the State Correctional

Institution at Greene, located in Waynesburg, Pennsylvania, who has now filed his third and

fourth motions seeking preliminary injunctive relief.  Rega alleges that he was denied a refill of

his prescription for the medication Prilosec beginning on June 22, 2009.  He further alleges that

his condition, Gastroesophageal reflux disease or G.E.R.D., "started to act up" on the morning of

June 25, 2009, and that he asked to be seen by a doctor.  He alleges that continued denial of

Prilosec will cause him to vomit blood.

Defendants have responded to the Motions (Doc. 246).  Irma Vihlidal, Corrections Health

Care Administrator at SCI-Greene, explains in her Declaration (Doc. 246-2) that Plaintiff is

provided Prilosec 30 doses at a time, and that Rega self-administers the medication.  Plaintiff is required to submit a request slip when his prescription for Prilosec is about to expire.  Rega's prescription expired on June 22, 2009, and he submitted a request slip on June 24, 2009.  Rega was again provided Prilosec on June 26, 2009, or the day after he alleges that his symptoms began (Id.).

In determining whether injunctive relief is warranted, a court must consider:  (1) whether movant has shown a reasonable probability of success on the merits; (2) whether movant will be irreparably harmed by denial of the relief; (3) whether granting preliminary relief will result in even greater harm to the nonmoving party; and (4) whether granting the preliminary relief will be in the public interest.  Bieros v. Nicola, 857 F.Supp. 445 (E.D.Pa.1994).  It "frequently is observed that a preliminary injunction is an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion."  Mazurek v. Armstrong, 520 U.S. 968, 972 (1997) (emphasis deleted).  With respect to the "irreparable harm" prong, the Court of Appeals for the Third Circuit has emphasized that the "key aspect of this prerequisite is proof that the feared injury is irreparable; mere injury, even if serious or substantial, is not sufficient."  United States v. Commonwealth of Pennsylvania, 533 F.2d 107, 110 (3d Cir.1976).

Here, Plaintiff lacked his prescription for Prilosec, apparently due to his own failure to submit a timely request for a refill, for a few days.  He began to have some stomach upset on June 25, 2009, and was given his medication the next day.  This claim meets none of the requisites for preliminary injunctive relief.

In accordance with the Magistrate's Act, 28 U.S.C. § 636 (b)(1)(B) and (C), and Rule

72.1.4 (B) of the Local Rules for Magistrates, objections to this Report and Recommendation are

due by September 14, 2009.


August 26, 2009                                          s/Cathy Bissoon
                                                         Cathy Bissoon
                                                         United States Magistrate Judge


cc:
**ROBERT GENE REGA**
FA 4771
S.C.I. at Greene
175 Progress Drive
Wayneburg, PA 15370