IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ROBERT GENE REGA, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 08-156 |
| | ) | |
| v. | ) | Judge McVerry |
| | ) | Magistrate Judge Bissoon |
| JEFFREY A. BEARD, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

**I**. **RECOMMENDATION**

For the reasons that follow, it is respectfully recommended that the Motion to Dismiss filed by Defendants Caramanna, Moore and Lukas (Doc. 223) be granted in part and denied in part.

**II. REPORT**

Robert Gene Rega is a state prisoner currently incarcerated in the State Correctional Institution at Green ("SCI-Greene"), located in Waynesburg, Pennsylvania, who has filed a prisoner civil rights case against numerous named Defendants arising from alleged constitutional deprivations occurring at SCI-Greene. Defendant Caramanna is a doctor, and Defendants Moore and Lukas are physician's assistants, who are each alleged to have violated the Eighth Amendment's prohibition against cruel and unusual punishment by exhibiting deliberate indifference to Rega's serious medical needs on two occasions: (1) in delaying necessary treatment for injuries Plaintiff suffered on March 31, 2007; and (2) in failing to ensure that Plaintiff's received a timely refill of his prescription for Prilosec, resulting in him being denied that medication from December 21-29, 2007. Defendants Caramanna, Moore and Lukas have

filed a Motion to Dismiss (Doc. 223). Plaintiff has responded (Docs. 229 and 230), and the Motion is now ripe for disposition.

A.      **Legal Standard**

Dismissal is appropriate under Federal Rule of Civil Procedure 12(b)(6) if, reading the complaint in the light most favorable to the plaintiff, and accepting all factual allegations as true, no relief could be granted under any "reasonable reading of the complaint" Phillips v. County of Allegheny, 515 F.3d 224, 233 (3d Cir. 2008). A complaint must be dismissed even if the claim to relief is "conceivable," because a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, __U.S.__, 129 S.Ct. 1937, 1949 (2009). Finally, if a complaint is subject to Rule 12(b)(6) dismissal, a district court must permit a curative amendment unless such an amendment would be inequitable or futile. Alston v. Parker, 363 F.3d 229, 235 (3d Cir. 2004).

B.  **Analysis**

Prison officials must ensure that inmates receive adequate food, clothing, shelter and medical care. Estelle v. Gamble, 429 U.S. 97, 104 (1978). An inmate seeking to state a claim that he was denied medical treatment in violation of his Eighth Amendment rights must allege: 1) that he was suffering from a "serious" medical need; and 2) that the prison officials were "deliberately indifferent" to the serious medical need. Id. The Supreme Court of the United States has adopted a subjective approach when considering whether prison officials exhibited deliberate indifference. Farmer v. Brennan 511 U.S. 825, 842 (1994). Farmer teaches that:

> it is enough that the official acted or failed to act despite his knowledge of
> a substantial risk of serious harm. . . . Whether a prison official had the
> requisite knowledge of a substantial risk is a question of fact subject to
> demonstration in the usual ways, including inference from circumstantial
> evidence, and a factfinder [sic] may conclude that a prison official knew
> of a substantial risk from the very fact that the risk was obvious.

Id. at 842 (citations omitted). A showing of "a substantial risk of serious harm" under Farmer requires that "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Id. at 837. Therefore, even where there is a serious medical condition, a prisoner also must allege facts that would permit a jury to conclude that the defendant prison officials acted with a sufficiently culpable state of mind. Twombly, 127 S. Ct. at 1965 ("[f]actual allegations must be enough to raise a right above the speculative level"). An inmate can show deliberate indifference where, for example, "prison authorities deny reasonable requests for medical treatment . . . and such denial exposes the inmate to undue suffering" or where knowledge of the need for medical care is accompanied by an "intentional refusal to provide that care." Monmouth County Corr. Inst. Inmates v. Lanzaro, 834 F.2d 326, 346 (3d Cir. 1987) (citations omitted).

    1. **Defendant Lukas – failure to treat following assault.**[1]

Plaintiff first alleges that Defendant Lukas failed to provide necessary medical treatment for injuries Plaintiff suffered on March 31, 2007. Plaintiff alleges that he was assaulted by another inmate on March 31, 2007, at the State Correctional Institution at Greene ("SCI-Greene") (Doc. 210, ¶ 18). Defendant Driskill, a nurse, saw Plaintiff an hour after the assault, and photographed the injuries Plaintiff reported (Id., ¶¶ 142-146). Plaintiff had bruising and

---

[1] Defendants Caramanna and Moore also move to dismiss this claim, but Plaintiff makes clear in his Response that the claim is addressed only to Defendant Lukas (Doc. 230, p. 6). The Court will take Plaintiff at his word about the scope of his own claim.

swelling on his face and complained of pain throughout his body, but Driskill is alleged to have given Plaintiff ointment for a scrape and nothing else (Id., ¶¶ 150-152).

Defendant Lukas came to Plaintiff's cell door two hours after Driskill examined Plaintiff, responding to Plaintiff's complaints of continued pain.  She did not enter the cell or otherwise examine Plaintiff, and responded to Plaintiff's complaint of "severe" back pain and pain throughout his body by stating that she would give him ibuprofen (Id., ¶¶ 155-160).  Plaintiff alleges that Lukas ignored a sick call request he submitted on April 1, 2007, complaining of severe pain, but that Lukas did respond to a second request submitted on April 2, 2007, and discovered "a large bruise" on Plaintiff's back (Id., ¶¶ 168-172).  Lukas ordered an x-ray, ice pack and pain medication (Id., ¶¶ 174-176).  Plaintiff did not receive ibuprofen until April 3, 2007 (Id., ¶ 180).  An x-ray of Plaintiff's back was taken on April 6, 2007, and on April 12, 2007, Lukas informed Plaintiff that he had a broken rib (Id., ¶¶ 182-183).  Plaintiff requested a rib brace from Lukas, but none was provided (Id., ¶¶ 184).  Lukas provided Plaintiff a sleep aid on April 12, 2007 (Id., ¶¶ 188-191).

Defendant Lukas, citing to Farmer, argues that Plaintiff has not alleged facts sufficient to permit a finding that she was aware that her actions subjected Plaintiff to a substantial risk of harm.  In this respect, many of the facts alleged by Plaintiff are equally consistent with allegations of negligence as opposed to deliberate indifference, i.e., the failure to examine Plaintiff more closely or to look for signs of additional trauma.  Nonetheless, awareness of an exposure to a substantial risk of harm may be established by circumstantial evidence, including the obviousness of the need for medical treatment. Farmer, 511 U.S. at 842. Accepting as true Plaintiff's allegations that he was attacked by another inmate and immediately complained of severe pain in his back, and that he had visible bruising, swelling and abrasions, a delay in

treatment of two to three days creates an issue of fact as to whether Defendant Lukas did, in fact, draw the inference that the delay in providing pain medication, ice and a sleep aid caused Plaintiff to be exposed to a substantial risk of harm and undue suffering. Monmouth, supra. Although the Court finds this to be a close call, and this claim may well prove unsustainable on summary judgment, Defendant Lukas's Motion to Dismiss this claim should be denied at this stage.

### 2. Denial of Prilosec – Defendants Caramanna and Lukas[2]

Plaintiff also alleges that he had a long-standing prescription for Prilosec for his stomach condition (and at one point the prescription was signed by Defendant Caramanna), and that this was denied to him for a period of eight days from December 21, 2007, through December 29, 2007 (Doc. 210, ¶¶ 217-232). Plaintiff alleges that he immediately complained about the lack of his medication on December 21, 2007, and continued complaining until he finally received his medication, but that non-moving Defendants McAnany and Driskill ignored his complaints (Id., ¶¶ 225-231). Plaintiff alleges that Defendants Caramanna and Lukas were "responsible for ensuring that medication for Plaintiff's chronic condition is timely received . . . and distributed . . . ." (Id., ¶ 217). This is a chronic condition, and the lack of proper medication causes Plaintiff "lingering heartburn, inundated acid diarrhea and vomiting which contains blood" (Id., ¶ 218).

Plaintiff does not allege that Caramanna and Lukas were informed of the delay in issuing the medication, or that they had notice of Defendant McAnany and Driskill's alleged failure to respond to Plaintiff's complaints. Defendants Caramanna and Lukas interpret Plaintiff's claims

---

[2] Defendant Moore also seeks to dismiss this claim, but Plaintiff's arguments in response are limited to Defendants Caramanna and Lukas. Thus, it appears that Plaintiff is not making a claim against Defendant Moore for denial of Prilosec.

against them as an attempt to assert supervisory liability, and assert that Plaintiff has failed to allege facts sufficient to make them liable for the actions or inactions of Driskill and McAnany.

Supervisory liability may not be premised solely upon a theory of *respondeat superior.* Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988). Rather, some personal involvement of the supervising official must be alleged. Id. Supervisory liability for Section 1983 violations can be established by evidence showing that officials: (1) participated in violating a plaintiff's rights; (2) directed others to violate a plaintiff's rights; (3) knew of, and acquiesced in, their subordinates' violation of a plaintiff's rights; or (4) knew of, and tolerated, past or ongoing misbehavior. Baker v. Monroe Twp., 50 F.3d 1186, 1190-91 & n.3 (3d Cir. 1995).

Plaintiff here does not allege facts sufficient to state a claim for supervisory liability against Caramanna and Lukas because he fails to allege that they were aware that he was denied his medication, or that no immediate action was taken on his complaints. Plaintiff counters, however, that he has not attempted to make out a claim of supervisory liability. Instead, Plaintiff asserts that Caramanna and Lukas each personally failed to ensure that his prescription for Prilosec was provided to him in a timely manner, i.e., that they are personally liable for a failure to act. The difficulty with Plaintiff's direct (as opposed to a supervisory) claim against Caramanna and Lukas is the same; namely, that Plaintiff does not allege that either of them had contemporaneous knowledge that Plaintiff was denied his medication and failed to act to remedy the situation. Plaintiff does allege that other Defendants failed to provide his medication after he complained, but he does not make such allegations against Caramanna and Lukas. Plaintiff has, therefore, failed to allege facts that would permit a jury to conclude that either Caramanna or Lukas knew of the risk posed by Plaintiff being denied his prescription (i.e, knew that he was

actually being denied his medication), or that either of them intentionally refused to provide necessary care.

Plaintiff has, accordingly, failed to allege that Defendants Caramanna or Lukas had any contemporaneous knowledge that he was denied medication from December 21-29, 2007. The Court cannot say, however, that Plaintiff would be unable to amend his complaint, or that any amendment in this respect would be futile.

### III.  CONCLUSION

For the reasons set out in this Report and Recommendation, it is respectfully recommended that Defendants' Motion to Dismiss (Doc. 223) be granted with respect to claims against Defendants Caramanna and Lukas concerning the denial of Plaintiff's medication from December 21-29, 2007, without prejudice to Plaintiff's right to amend his Complaint, and denied in all other respects.

In accordance with the Magistrate's Act, 28 U.S.C. § 636 (b)(1)(B) and (C), and Rule 72.D.2 of the Local Rules for Magistrates, objections to this Report and Recommendation are due by March 16, 2010. Failure to timely file objections may constitute a waiver of any appellate rights.

March 2, 2010                                s/Cathy Bissoon
                                             Cathy Bissoon
                                             United States Magistrate Judge

cc:
**ROBERT GENE REGA**
FA 4771
S.C.I. at Greene
175 Progress Drive
Wayneburg, PA 15370