IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ROBERT GENE REGA, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 08-156 |
| | ) | |
| v. | ) | Judge McVerry |
| | ) | Magistrate Judge Bissoon |
| JEFFREY A. BEARD, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER OF COURT**

Robert Gene Rega is a state prisoner currently incarcerated in the State Correctional Institution at Green ("SCI-Greene"), located in Waynesburg, Pennsylvania, who has filed a prisoner civil rights case. Defendants are various employees of the Pennsylvania Department of Corrections ("DOC") and medical personnel employed at SCI-Greene.

Plaintiff alleges that Defendant Thomas Armstrong, a Corrections Officer, opened Plaintiff's cell door by electronic means on March 31, 2007, allowing inmate Lamont Overby to enter Plaintiff's cell and assault him (Doc., ¶ 18). Overby is alleged to have acted on an offer of $500 from another inmate, Mark Spotz, who had been involved in a dispute with Plaintiff over art supplies in 2006. Plaintiff seeks relief pursuant to the Civil Rights Act, 42 U.S.C. § 1983 against Defendants Armstrong, B. Henderson, Todd Barclay, Jody Leach, Brenda Martin and Jeffrey Martin, who he alleges failed to protect him from Overby's assault (Count I). Defendants Armstrong and Henderson are also alleged to have "bystander liability" under § 1983 for failing to intervene in the assault (Count II). Armstrong, Henderson, Barclay and Leach are alleged to have conspired to violate Plaintiff's constitutional rights (Count III) and Defendants Armstrong, Henderson, Barclay, Leach, Jeffrey Beard, Louis Folino, Patrick Oddo, Michael Muccino and

David Grainey are alleged to have "adopted and maintained" a custom and practice of not sufficiently protecting inmates in the Capital Case Unit at SCI- Greene (Count IV).

Plaintiff also alleges that Defendants Michelle Lukas, Edward Driskill and John McAnany denied him necessary medical care following the assault, and that this is a violation of the Eighth Amendment's prohibition against cruel and unusual punishment (Count V). Defendants Dr. James Caramanna, Lukas, McAnany and Driskill are alleged to have denied Plaintiff prescription drugs for a stomach condition on various dates (Count VI). Plaintiff also asserts that the denial of his medication was in retaliation for his use of the prison grievance system (Count VII).

Plaintiff has filed a Motion to Compel Disclosure of Discovery (Docs. 233) seeking to compel the production of documents. Defendants have responded (Docs. 244, 251). Plaintiff filed replies (Docs. 255, 261 and 262) and also a supplement to his motion (Doc. 285).

A. **Legal Standard**

Generally, courts afford considerable latitude in discovery in order to ensure that litigation proceeds with "the fullest possible knowledge of the issues and facts before trial." Hickman v. Taylor, 329 U.S. 495, 501 (1947). The polestar of discovery is relevance. Relevance for discovery purposes is defined broadly.

The Federal Rules of Civil Procedure permit discovery "regarding any nonprivileged matter that is relevant to any party's claim or defense . . . . Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed.R.Civ.P. 26(b)(1). "[A]ll relevant material is discoverable unless an applicable evidentiary privilege is asserted. The presumption that such matter is discoverable,

however, is defeasible." Pearson v. Miller, 211 F.3d 57, 65 (3d Cir. 2000). Discovery may properly be limited where:

> (i) the discovery sought is unreasonably cumulative or duplicative, or is obtainable from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity to obtain the information sought by discovery in the action; or (iii) the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues.

Fed.R.Civ.P. 26(b)(2). However, when there is no doubt about relevance, a court should tend toward permitting discovery. Stabilus v. Haynsworth, Baldwin, Johnson & Greaves, P.A., 144 F.R.D. 258, 265-66 (E.D.Pa.1992).

Federal Rule of Civil Procedure 37 allows a party who has received evasive or incomplete discovery responses to seek a court order compelling additional disclosure or discovery. "The party seeking the order to compel must demonstrate the relevance of the information sought. The burden then shifts to the opposing party, who must demonstrate in specific terms why a discovery request does not fall within the broad scope of discovery or is otherwise privileged or improper." Option One Mortgage Corp. v. Fitzgerald, 2009 WL 648986 at *2 (M.D. Pa. Mar. 11, 2009).

### B.  Analysis

The only point of contention between Plaintiff and Defendants Lukas and Caramanna is whether these Defendants possess a document responsive to Plaintiff's request for any policies and procedures governing the provision of medical care to inmates at SCI-Greene. Defendants Lukas and Caramanna assert that the only such policies are issued by the DOC (Doc. 244). Plaintiff disagrees, and argues that the company that these Defendants work for, Prison Health

Services, Inc., "must" have a protocol for supplying medications separate from any DOC policy or procedure and that any assertion to the contrary is "outrageous" (Doc. 255, p. 3). Plaintiff cites to Joe v. Prison Health System, Inc., 782 A.2d 24, 29 (Pa. Cmwlth. 2001) and notes that a request in that case for a "policy and procedure manual" from Prison Health Services, Inc. ("PHS") was objected to on the basis of privilege. Plaintiff believes that this establishes the existence of such a manual and he seeks to compel its production.

The Commonwealth Court was not asked, and made no ruling, on the existence of a policy and procedure manual in Joe, although Plaintiff is correct that the privilege objection made in that case certainly seems to imply the existence of such a document. It may be, however, that the policy manual referred to was, in fact, a DOC document that was used by PHS. It also may be that PHS had written policies and procedures in 2001, but now relies solely upon DOC policies. In any event, Defendants have responded to Plaintiff's Request for Production that the only written policies and procedures for provision of medical care are those issued by the DOC, and the Prison Health Services, Inc. does not have its own written policies and procedures, and the mention of such a document in the Joe case does not disprove that assertion. Defendants simply cannot produce what they do not possess. The Motion to Compel is DENIED with respect to the Defendant Lukas and Caramanna.

The remaining disputes involve the DOC Defendants and will be addressed *seriatim*.

**Request 1**

Plaintiff argues that he is entitled to view a "complete copy of the Sergeants daily log from March 25, 2007 to April 1, 2007," so that he can ascertain whether there are any entries concerning the assault by Inmate Overby on March 31, 2007, and also whether there are entries related to Inmate Overby's work assignment during that period. Plaintiff seeks to discover any

inconsistencies between the reports of the assault that he has been provided and the daily logs, and he also believes that the daily logs may show that Overby was not actually on a work assignment when the assault occurred. Defendants object that all documents relating to the assault have already been produced, and that any mention in the daily log of the assault would be "duplicative of documents already provided." (Doc. 251, p. 3). Further, Defendants assert that daily logs contain privileged and confidential information relating to other inmates, and that disclosure of some information in the logs may jeopardize institutional security.

The Court agrees that Plaintiff is entitled to review entries in the daily log that mention the assault or that mention Inmate Overby's presence in the area for the requested time period. All other entries, however, should be redacted. If there is an entry during the relevant time period that specifically references the assault or Overby and Defendants believe that disclosure of the entry will jeopardize security, Defendants may redact that entry, but must note a redaction due to institutional security.

**Request 2**

Plaintiff requests "work schedules" of certain named Defendants for the date of the assault and for other, unspecified dates after the assault when other inmates allegedly overheard some Defendants "contriving a story in their defense" (Doc. 234, p. 6). Plaintiff has already been provided a duty roster for the date of the assault and, therefore, can establish the identity of Defendants who were working on that date without obtaining individual work schedules. Plaintiff asserts that he needs more general access to Defendants' work schedules to support his witnesses who allegedly overheard conversations between some of the Defendants after the assault, i.e., he needs to prove that certain Defendants were actually working on the dates when the alleged conversations occurred. Plaintiff has not, however, identified any instance where a

Defendant has denied being on duty during a specific time period. In fact, the only example cited by Plaintiff is Defendant Driskill who, it is alleged, **admits** he was working at SCI-Greene on a particular date, but says he was "in another area" and did not see Plaintiff on that date. Plaintiff has not shown a need to review all Defendants' work schedules to determine when they were on duty, and the requested documents are not likely to lead to the discovery of admissible evidence. The Motion to Compel is DENIED with respect to this Request.

**Request 3**

Plaintiff seeks all misconduct reports issued to Inmate Overby. Defendants have provided the misconduct report issued concerning the March 31, 2007, incident, but object that any other misconduct report is irrelevant. Plaintiff asserts that any prior misconducts involving violent behavior by Overby would be evidence that Defendants were indifferent to a substantial risk of harm. The Court agrees that Plaintiff is entitled to discover whether Defendants ignored a substantial risk of assault. Therefore, Plaintiff is entitled to any misconduct reports involving Inmate Overby, and predating the assault, that involve violence or the threat of violence toward other inmates. The Motion to Compel is GRANTED in this respect.

**Request 4**

Plaintiff seeks all communications between counsel for Defendants and any "non-defendant" DOC employee or agent. Plaintiff specifically references the fact that DOC employee (and non-Defendant) Michael Guyton has submitted two declarations in this matter. Plaintiff seeks the substance of any communications between counsel and Mr. Guyton regarding the declarations. Defendants assert that all documents they possess responsive to this request are non-discoverable attorney work product or are otherwise privileged. Defendants need not

6

produce privileged documents or attorney work product.  Any non-privileged documents or documents that are not attorney work produce should be produced.

**Request 5**

Defendants indicate that there is no documentation of the "cell cleaning schedule" Plaintiff seeks.  Defendants cannot be made to produce a document that does not exist.  The Motion to Compel is DENIED in this respect.

**Request 6**

Defendants assert that no video of the Capital Case Unit exists for the dates requested by Plaintiff.  Again, Defendants cannot produce what they do not possess.  The Motion to Compel is DENIED in this respect.

**Request 7**

Plaintiff asserts that he is entitled to internal investigations referencing his name from March 31, 2007, to the present date, and that this would show that Defendants had knowledge of "contention" between him and Inmate Spotz, and would establish that Spotz should not have been moved to Plaintiff's unit in December, 2006.  Defendants assert that Plaintiff has been provided with all "internal investigations and security documents relevant to his claims." (Doc. 251, p. 6), but that documents from March 31, 2007, onward have no relevance to the decision to move Inmate Spotz in December, 2006.  I agree with Defendants.  And, in any event, Spotz did not assault Plaintiff, and his movement to the same block as Plaintiff is not relevant to the claims in this case.  The Motion to Compel is DENIED in this respect.

**Request 8**

Plaintiff seeks two types of documents for a two-year period prior to March 31, 2007.  He seeks "DC-17X" files and "DC-707" files that would help him establish that "he did not eat

breakfast (on Saturdays), or use state supplies to clean his cell, and that defendants fully knew this." (Doc. 234, p. 9). Plaintiff wishes to discredit Defendants' assertions that they were not aware of his habits in these regards.

Defendants have provided all of Plaintiff's DC-17X files that can be located for February and March, 2007. They object to providing any further such documents both because the documents are irrelevant and because producing them would be unduly burdensome due to these documents being kept in various places. While Defendants' knowledge of Plaintiff's eating habits and of his practice of not obtaining cleaning supplies is marginally relevant, the documents already provided to Plaintiff are sufficient for him to support his claim.

Defendants object that DC-707 documents are "generalized" documents showing inmates who signed up for shower, shave and exercise, and that they do not contain information concerning what items (i.e., state supplies) were or were not received from staff. Defendants' characterization of the DC-707 files convinces the Court that such documents are not likely to lead to the discovery of admissible evidence. The Motion to Compel is DENIED with respect to Request 8.

**Request 9**

Defendants indicate that they have turned over all responsive documents they were able to locate concerning requests by certain inmates to change cells or pods. This response is proper, and Plaintiff's Motion to Compel is DENIED in this respect.

**Request 10**

Cell changes for Inmates Spotz and Overby for periods post-dating the events underlying the Complaint in this case are irrelevant and are not likely to lead to the discovery of admissible evidence. The Motion to Compel is DENIED as to Request 10.

**Request 11**

Plaintiff concedes that he has been provided with documentation from Defendants concerning when his medications were ordered and when they were provided to him.  He still seeks, however, "non-formularly forms" and "drug shipment invoices" (Doc. 234, p. 11).  Defendants respond that such documents are not kept in Plaintiff's medical file, and are not in their possession (Doc. 251, p. 10).  Defendants cannot produce what they do not possess.  The Motion to Compel is DENIED as to Request 11.

**Request 12**

Plaintiff seeks to discover "the deposit history" of Inmate Overby's prisoner account to determine if he received "an abnormal amount of money" in his inmate account following the assault.  Plaintiff wishes to establish Overby's motive (i.e., the alleged payoff from Inmate Spotz).  Defendants object that this is irrelevant because there is no dispute that Overby assaulted Plaintiff, and that Overby's motive is either irrelevant or not in dispute.  Defendants also assert that there is a security risk inherent in disclosing one prisoner's account status to another prisoner.  The Court agrees that Overby's prisoner account is irrelevant (or is only marginally relevant) to the issues before the Court.  Any minor relevance is outweighed by legitimate institutional security concerns.  The Motion to Compel is DENIED as to Request 12.

**Request 13**

Defendants have informed Plaintiff that they do not retain inmate time sheets and, therefore, that they do not possess any documents responsive to Request 13.  Plaintiff's disappointment with the Defendant's response does not enable this Court to order Defendants to produce documents that do not exist.  The Motion to Compel is DENIED as to Request 13.

**Request 14**

Plaintiff seeks any documents reflecting the process by which Inmate Overby was approved to be a "block worker." Defendants first assert that any such document is irrelevant. Plaintiff responds that he is attempting to impeach Defendants' story that Overby was legitimately on the block at the time of the assault because of his status as a block worker. The Court agrees with Plaintiff that this evidence is relevant and discoverable.

Defendants also, however, assert their belief that there is no specific document or documents responsive to Plaintiff's request. Defendants do not, however, assert that they have made reasonable inquiry to reach this conclusion. The Motion to Compel is GRANTED with respect to Request 14 only to the extent that Defendants must either produce the documents, or indicate that such documents do not, in fact exist.

**Request 15**

Plaintiff seeks a copy of the visitor log book for the Capital Case Unit from January 1 through April 1, 2007, to establish when certain supervisory Defendants were present. This evidence is necessary, he asserts, to support of his claim that the supervisory Defendants must have been aware that what he alleges was a custom and practice of prison guards endangering the welfare of prisoners. Defendants rely upon a previous objection to Plaintiff's request for log books for a one and one-half year period, namely the burden associated with production and redaction of information that poses a threat to security. Defendants also assert that a lack of adequate supervision is not sufficient to make out a claim of supervisory liability in any event, making the requested discovery irrelevant. The Court does not believe that the logs, even if they provide names and times that supervisory personnel visited the Capital Case Unit, would provide

proof that they witnessed any particular activity that Plaintiff believes was a custom or practice. The Motion to Compel is DENIED with respect to Request 15.

**Request 16**

Plaintiff seeks copies of any statements by Defendants concerning his claims that have not already been provided, and Defendants have informed Plaintiff that they are not aware of any additional statements. This response is sufficient. The Motion to Compel is DENIED with respect to Request 16.

**Request 17**

Defendant Armstrong is apparently asserting that he opened Plaintiff's cell door by mistake when he was attempting to use the intercom system. Plaintiff's document request sought "a description or a diagram of how the intercom operates, its pertinent features, how its buttons are positioned as opposed to those which open a cell door, and what lights and their respective colors, light-up when activated or depressed" (Doc. 234-1, ¶17). Defendants assert that no manual or diagram exists. This is a sufficient response.[1] The Motion to Compel is DENIED with respect to Request 16.

**Request 18**

Defendants are correct that misconduct reports showing that inmates were able to smuggle cell phones into the prison are irrelevant to Plaintiff's claims. The Motion to Compel is DENIED with respect to Request 18.

**Request 19**

Plaintiff next seeks a copy of a letter from his ex-wife indicating her desire to cease all communication with him. Defendants argue this evidence is irrelevant, and that it is a privileged

---

[1] Plaintiff's assertion that he is entitled to visually inspect the system is not properly part of the instant Motion to Compel because his request for a visual inspection is not part of the Request for Production at issue (Doc. 234-1).

and confidential communication between Plaintiff's ex-wife and prison security.  Plaintiff cannot use this lawsuit as a means of obtaining information about his ex-wife.  The Motion to Compel is DENIED with respect to Request 19.

**Request 20**

Plaintiff seeks copies of the internal investigation reports concerning a "gratuitous beating" allegedly suffered by inmate Jesse Bond at the hands of corrections officers from the Capital Case Unit.  Plaintiff believes that this is evidence of a history of "malfeasance" and that the DOC is "indifferent" to prisoner safety.  Defendants are correct that an alleged assault on another inmate by corrections officers will likely not be admissible at trial, and itself has little relevance to a claim that corrections officers failed to protect Plaintiff from an assault by another inmate.  However, assaults occurring on the Capital Case Unit are relevant to Plaintiff's claim that guards routinely ignored prisoner safety, and, likewise, are relevant to his more specific claim that they ignored a known threat to his safety.  Plaintiff will be entitled to the production of documents concerning Bond's reports of an assault only to the extent that these documents fit within the Court's ruling with respect to Request 35 below, and only with redaction that would, in effect, remove Bond's name from all of the documents.

**Request 21**

Plaintiff has been provided with the only documents in Defendants' possession concerning Inmate Mark Spotz's cell movements.  The Motion to Compel is DENIED with respect to Request 21.

**Request 22**

Defendants have provided the "publicly available version" of the DOC's health policies and procedures, but have not produced the section dealing with "internal reporting requirements"

because that document is not publicly available and is considered confidential because it "could be misused if obtained by inmates" (Doc. 251, p. 20). The Court cannot discern any relevance to Plaintiff's case in the portion of the document that has been withheld. The Motion to Compel is DENIED with respect to Request 22.

**Request 23**

Plaintiff seeks disclosure of all DOC policies regarding the care, custody and control of Capital Case prisoners. Plaintiff wishes to establish that certain Defendants failed to comply with their own protocols and thereby endangered him. Defendants have provided certain of the policies, but object to disclosing "procedure manuals" for DC-ADM 6.3.1 and DC-ADM 6.7.9 because those manuals would disclose sensitive information relating to institutional security. In fact, Plaintiff's argument that Defendants violated their own procedures in certain respects has some relevance in this case, but proof of a violation of procedure would not prove a constitutional violation. Further, the DOC certainly has a legitimate expectation that prisoner will not be given complete access to their internal operating procedures, particularly with respect to prisoners in the Capital Case Unit. Any marginal relevance the manuals at issue have is outweighed by legitimate security concerns and, therefore, the Motion to Compel is DENIED with respect to Request 23.

**Request 24**

Plaintiff seeks any policy that prohibited the use of a rib brace by a prisoner. Defendants responded that no policy specifically mentions a rib brace, but provided the policies relating to security in the relevant housing unit. Plaintiff seeks to establish that he was denied a rib brace for improper reasons and not because of a relevant "policy." He can make that argument on the

information he possesses because he has the relevant policy, i.e., the policy relating to security in the housing unit.  The Motion to Compel is DENIED with respect to Request 24.

**Request 25**

Plaintiff has been provided with color copies of the photographs of his injuries.  His assertion that he needs "genuine" copies to "seek assistance from professionals" is too cryptic for the Court to discern whether his need is genuine. The Motion to Compel is DENIED with respect to Request 25.

**Request 26**

Plaintiff seeks to discover whether there were any "separations" in his prison file in which prison staff  indicated that Plaintiff should be separated from inmate Spotz.  He seeks through this to establish that Spotz should not have been returned to his cell block.  Plaintiff, however, was not attacked by Spotz, and any separation reports would be irrelevant.  Defendants also point out that these separations are not disclosed to inmates due to the risk of retaliation against the reporting staff member and the complaining inmate.  The Motion to Compel is DENIED with respect to Request 26.

**Request 27**

Inmate Overby was assessed with the costs associated with the treatment of Plaintiff's injuries arising from the assault.  Plaintiff wants to see proof that money has actually been deducted from Overby's account.  He asserts that a failure to deduct amounts from Overby's account would be proof that Overby was not punished for his assault, and that this would support his theory that there was a conspiracy.  Plaintiff is entitled to discover whether any assessments have been made.  In light of legitimate institutional concerns that inmate account information not be disclosed, however, it will sufficient if Defendants identify the deductions that have been

made. This can be done through redaction of the inmate account, or through an affidavit indicating the dates and amounts of the deductions. The Motion to Compel is GRANTED with respect to Request 27 and Defendants shall produce a document indicating whether or not there have been deductions from Overby's prisoner account to cover Plaintiff's medical costs.

**Request 28**

Defendants do not possess a "haircut rotation schedule" for the Capital Case Unit and cannot produce what does not exist. The Motion to Compel is DENIED with respect to Request 28.

**Request 29**

This Request has been withdrawn.

**Requests 30-33**

Plaintiff repeats requests for all documents referring to delays in his receipt of medications. Defendants assert they have provided all documents responsive to these requests. The Motion to Compel is DENIED with respect to Requests 30-32.

**Request 34**

Plaintiff seeks any documents that would "guide medical personnel in what supplements should be provided/ordered for inmates cost effective treatments." (Doc. 234-1, ¶ 35). Defendants have produced all policies regarding medical treatment of inmates and assert they have no other documents responsive to this request. The Motion to Compel is DENIED with respect to Request 34.

**Request 35**

Plaintiff requests "a copy of the Department of Corrections dossier/or violence logs that show the past history of violence on the Capital Case unit" from January 1, 2006, through the

"present date" (Doc. 234, p. 24).  He seeks through this evidence to show that Defendants ignored a "pervasive and known serious risk to prisoner safety, employee malfeasance, and the failure to take proactive steps to curtail these incidences" (Id.).   Defendants object that this request is unduly broad, irrelevant, and privileged because it relates to other inmates.

Plaintiff's request is certainly overly broad.  Reports occurring after the date of the assault in this case, March 31, 2007, would have minimal relevance.  Nonetheless, reports of violence occurring on the Capital Case Unit prior to that date would at least be relevant to Plaintiff's assertion that inmate safety was routinely ignored, and his claim that supervisory personnel were aware of the danger posed to inmates.  In short, Plaintiff's request appears to be "reasonably calculated" to lead to the discovery of admissible evidence.[2]

There would appear to be no undue burden in production of documents relating to reports of violence on the Capital Case Unit from January 1, 2006, through March 31, 2007.  Further, institutional security and privacy concerns can be addressed through redaction of any documents produced to exclude the identities of the inmates and/or guards involved.  The information necessary for Plaintiff's purposes are the number and nature of the reports of violence, and not the people involved.  The Motion to Compel is GRANTED with respect to Request 35 with the limitations noted above.

AND NOW, this 24th day of March, 2010,

IT IS HEREBY ORDERED that Plaintiff's Motion to Compel (Doc. 233) is GRANTED IN PART AND DENIED IN PART as set forth above.

---

[2]  Of course, the Court makes no ruling on whether any such evidence will ultimately be admissible at trial.  This will depend largely on information not now available, e.g., the frequency and nature of the "violence" reported.

IT IS FURTHER ORDERED that the parties are allowed until April 7, 2010 to appeal this order to a district judge pursuant to Rule 72.C.2 of the Local Rules for Magistrates. Failure to timely appeal may constitute waiver of the right to appeal.

s/ Cathy Bissoon
CATHY BISSOON
UNITED STATES MAGISTRATE JUDGE

cc:
ROBERT GENE REGA
FA 4771
S.C.I. at Greene
175 Progress Drive
Waynesburg, PA 15370