# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ROBERT GENE REGA, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 08-156 |
| | ) | |
| v. | ) | Judge McVerry |
| | ) | Magistrate Judge Bissoon |
| JEFFREY A. BEARD, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER OF COURT

Robert Gene Rega is a state prisoner currently incarcerated in the State Correctional Institution at Green ("SCI-Greene"), located in Waynesburg, Pennsylvania, who has filed a prisoner civil rights case. Defendants are various employees of the Pennsylvania Department of Corrections ("DOC") and medical personnel employed at SCI-Greene.

Plaintiff alleges that Defendant Thomas Armstrong, a Corrections Officer, opened Plaintiff's cell door by electronic means on March 31, 2007, allowing inmate Lamont Overby to enter Plaintiff's cell and assault him (Doc., ¶ 18). Overby is alleged to have acted on an offer of $500 from another inmate, Mark Spotz, who had been involved in a dispute with Plaintiff over art supplies in 2006. Plaintiff seeks relief pursuant to the Civil Rights Act, 42 U.S.C. § 1983 against Defendants Armstrong, B. Henderson, Todd Barclay, Jody Leach, Brenda Martin and Jeffrey Martin, who he alleges failed to protect him from Overby's assault (Count I). Defendants Armstrong and Henderson are also alleged to have "bystander liability" under § 1983 for failing to intervene in the assault (Count II). Armstrong, Henderson, Barclay and Leach are alleged to have conspired to violate Plaintiff's constitutional rights (Count III) and Defendants Armstrong, Henderson, Barclay, Leach, Jeffrey Beard, Louis Folino, Patrick Oddo, Michael Muccino and

David Grainey are alleged to have "adopted and maintained" a custom and practice of not sufficiently protecting inmates in the Capital Case Unit at SCI- Greene (Count IV).

Plaintiff also alleges that Defendants Michelle Lukas, Edward Driskill and John McAnany denied him necessary medical care following the assault, and that this is a violation of the Eighth Amendment's prohibition against cruel and unusual punishment (Count V). Defendants Dr. James Caramanna, Lukas, McAnany and Driskill are alleged to have denied Plaintiff prescription drugs for a stomach condition on various dates (Count VI). Plaintiff also asserts that the denial of his medication was in retaliation for his use of the prison grievance system (Count VII).

Plaintiff has filed a Motion to Compel Disclosure of Discovery (Docs. 259) seeking to compel additional responses to interrogatories. Defendants have responded (Docs. 265, 270).

### A. **Legal Standard**

Generally, courts afford considerable latitude in discovery in order to ensure that litigation proceeds with "the fullest possible knowledge of the issues and facts before trial." Hickman v. Taylor, 329 U.S. 495, 501 (1947). The polestar of discovery is relevance. Relevance for discovery purposes is defined broadly.

The Federal Rules of Civil Procedure permit discovery "regarding any nonprivileged matter that is relevant to any party's claim or defense . . . Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed.R.Civ.P. 26(b)(1). "[A]ll relevant material is discoverable unless an applicable evidentiary privilege is asserted. The presumption that such matter is discoverable, however, is defeasible." Pearson v. Miller, 211 F.3d 57, 65 (3d Cir. 2000). Discovery may properly be limited where:

> (i) the discovery sought is unreasonably cumulative or duplicative, or is obtainable from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity to obtain the information sought by discovery in the action; or (iii) the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues.

Fed.R.Civ.P. 26(b)(2). However, when there is no doubt about relevance, a court should tend toward permitting discovery. Stabilus v. Haynsworth, Baldwin, Johnson & Greaves, P.A., 144 F.R.D. 258, 265-66 (E.D.Pa.1992).

If party is unable to supply information requested in an interrogatory, the party may not refuse to answer, but must state under oath that he is unable to provide information and set forth efforts he employed to obtain the information, or an explanation of why no such efforts are necessary. Hansel v. Shell Oil Corp., 169 F.R.D. 303 (E.D. Pa. 1996); Continental Illinois National Bank & Trust Company of Chicago v. Canton, 136 F.R.D. 682, 684 (D. Kan. 1991).

Federal Rule of Civil Procedure 37 allows a party who has received evasive or incomplete discovery responses to seek a court order compelling additional disclosure or discovery. "The party seeking the order to compel must demonstrate the relevance of the information sought. The burden then shifts to the opposing party, who must demonstrate in specific terms why a discovery request does not fall within the broad scope of discovery or is otherwise privileged or improper." Option One Mortgage Corp. v. Fitzgerald, 2009 WL 648986 at *2 (M.D. Pa. Mar. 11, 2009).

**B.  Analysis**

Plaintiff seeks further responses to interrogatories where individual Defendants have indicated a lack of knowledge or a failure to recall. Plaintiff believes these responses to be

evasive. Defendants may, in fact, properly respond that they do not recall, or that they lack the requested information, so long as they indicate what efforts they made to locate available information, or indicate a reason why such an effort was necessary. Defendants failed to make any indication of the efforts they made to locate information with respect to the following interrogatories and will be required to supplement their responses: 1, 8 (Armstrong), 8 (Henderson).

Other responses of a lack of knowledge or recollection, however, provide sufficient detail to permit the reader to understand why no further efforts were made, and the Motion to Compel is DENIED with respect to those interrogatories: 19 (Barclay); 5, 22 (Jeffrey Martin); 4, 5 (McAnany); 7 (Oddo, Muccino and Grainey); 5 (Beard).

Defendants' responses that there are no documents of the type requested by Plaintiff are proper. The Motion to Compel is DENIED as to Interrogatories: 9 (Armstrong, Henderson, McAnany); 14 (Armstrong, Henderson, Leach, Barclay and Jeffrey Martin).

. Plaintiff also asserts that specific answers given by Defendants are not accurate or are "evasive" because he believes the answers are wrong. Plaintiff's personal belief that a specific answer is not correct is not a basis for seeking an additional response. The Motion to Compel is DENIED with respect to the following Interrogatories: 6, 16 (Armstrong); 5, 18 ( Henderson); 6 (J. Martin); 21 (McAnany); 24 (Driskill); 19, 20 (Folino); 8 (Oddo); 8, 9 (Muccino); 19, 20 (Beard); and 11 (Grainey).

Plaintiff seeks descriptions of several documents including security-related manuals and security-based training. The Court has already addressed Plaintiff's requests for production of such documents (Doc. 333). The Court's prior rulings are equally applicable here, and the production of documents satisfies Defendants' burden of production. Plaintiff has been provided

adequate discovery in this respect, and the Motion to Compel is, therefore, DENIED with respect to the following interrogatories: 4, 15 (Armstrong, Henderson, Leach, Barclay, Jeffrey Martin); 3 (B. Martin, McAnany, Driskill); 17 (Folino and Beard).

Plaintiff's interrogatories seeking to have Defendants identify any written mention they have ever made of Plaintiff were objected to as being overly broad, and for the additional reason that relevant documents mentioning Rega (medical records, incident reports, grievances, etc.) have already been provided in discovery. The Court agrees that the request is too broad, and that the disclosures already made in this case have provided Plaintiff are sufficient. See, F.R.Civ.P. 33(d) (permitting a party to answer an interrogatory by producing business records). The Motion to Compel is DENIED with respect to Interrogatories: 23 (J. Martin); 6 (Oddo, Muccino and Grainey).

Brenda Martin responded to several interrogatories that she has no recollection of particular events, and that she no longer works for the DOC and no longer has access to relevant documents. This response is proper because it provides an explanation for her inability to attempt to refresh her recollection.

Defendant McAnany (13), Driskill (16) and Oddo (2) have agreed to supplement their responses with respect to the listed Interrogatories.

While the initial response given by Defendant Driskill to Interrogatory 12 did not contain an explanation for his answer, Defendant Driskill's explanation now provided (Doc. 270, p. 6) is sufficient.

Plaintiff never obtained permission from the Court to exceed the limit of 25 interrogatories per Defendant. Therefore, objections made by Defendants on this basis, including those raised by Defendant Lukas (Doc. 260-18), are sustained.

Finally, Defendant Beard is not required to speculate as to the meaning of the term "legitimate purposes" used by Plaintiff in Interrogatory 12, nor is he required to answer a question not posed. Plaintiff's Motion to Compel is DENIED in this respect.

AND NOW, this 10th day of June, 2010,

IT IS HEREBY ORDERED that Plaintiff's Motion to Compel (Doc. 259) is GRANTED IN PART AND DENIED IN PART as set forth above.

IT IS FURTHER ORDERED that the parties are allowed until June 22, 2010 to appeal this order to a district judge pursuant to Rule 72.C.2 of the Local Rules for Magistrates. Failure to timely appeal may constitute waiver of the right to appeal.

s/ Cathy Bissoon
CATHY BISSOON
UNITED STATES MAGISTRATE JUDGE

cc:
ROBERT GENE REGA
FA 4771
S.C.I. at Greene
175 Progress Drive
Waynesburg, PA 15370