IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

ROBERT GENE REGA, )
 )
      Plaintiff, ) Civil Action No. 08-156
 )
v. ) Judge McVerry
 ) Magistrate Judge Bissoon
JEFFREY A. BEARD, *et al.*, )
 )
      Defendants. )

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

### I. RECOMMENDATION

For the reasons that follow, it is respectfully recommended that the motion to dismiss filed by Defendants Caramanna and Lukas (Doc. 345) be denied.

### II. REPORT

Robert Gene Rega is a State prisoner currently incarcerated in the State Correctional Institution at Green ("SCI-Greene"), located in Waynesburg, Pennsylvania, who has filed a prisoner civil rights case against numerous named Defendants arising from alleged constitutional deprivations occurring at SCI-Greene. Currently before this Court is the motion to dismiss (Doc. 345) of Defendants Caramanna and Lukas ("Moving Defendants"), who seek the dismissal of Plaintiff's claims against them stemming from the alleged denial of Plaintiff's medication from December 21 - 29, 2007. Am. Compl. (Doc. 319-1) ¶¶ 211-253. Specifically, Plaintiff alleges that Moving Defendants exhibited deliberate indifference to his serious medical needs, in violation of the Eighth Amendment's prohibition against cruel and unusual punishment, by failing to ensure that Plaintiff's received a timely refill of his prescription for Prilosec, and not

providing Plaintiff with some sort of "supplement" while shipping delays of said medication were being resolved.

Moving Defendants initially filed a motion to dismiss with respect to these claims on June 5, 2009. (Doc. 223). This Court recommended that that motion be granted, without prejudice to Plaintiff's right to amend his complaint, on March 2, 2010. Report (Doc. 315). On March 16, 2010, Plaintiff moved to file an amended complaint (Doc. 319-1), addressing the deficiencies in his prior amended complaint (Doc. 210), which had been the subject of Defendants' prior motion to dismiss (Doc. 223). On March 23, 2010, Judge McVerry adopted the Report and Recommendation of March 2, 2010 (Doc. 315), and granted Plaintiff's motion to amend his complaint (Doc. 319), directing the Clerk to file the proposed amended complaint attached to said motion. See Order (Doc. 332), at 2. Moving Defendants have moved to dismiss (Doc. 345) the allegations against them stemming from their alleged acts or omissions during the events of December 21-29, 2007, contained in this most recent amended complaint (Doc. 319-1). Plaintiff has responded (Docs. 351-352), and this motion to dismiss (Doc. 345) is ripe for disposition.

### A. Legal Standard

Dismissal is appropriate under Federal Rule of Civil Procedure 12(b)(6) if, reading the complaint in the light most favorable to the plaintiff, and accepting all factual allegations as true, no relief could be granted under any "reasonable reading of the complaint" Phillips v. County of Allegheny, 515 F.3d 224, 233 (3d Cir. 2008). A complaint must be dismissed even if the claim to relief is "conceivable," because a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A

claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S.__, 129 S.Ct. 1937, 1949 (2009). A court need not accept inferences drawn by the plaintiff if they are unsupported by the facts as set forth in the complaint. See California Pub. Employees' Ret. Sys. v. Chubb Corp., 394 F.3d 126, 143 (3d Cir. 2004). Nor must a court accept legal conclusions set forth as factual allegations. Twombly, 550 U.S. at 555. Furthermore, it is not proper for a court to assume that "the [plaintiff] can prove facts which [he or she] has not alleged, or that the defendants have violated the . . . laws in ways that have not been alleged." Assoc.'d Gen. Contractors of California, Inc. v. California State Council of Carpenters, 459 U.S. 519, 526 (1983).

Finally, if a complaint is subject to Rule 12(b)(6) dismissal, a district court must permit a curative amendment unless such an amendment would be inequitable or futile. Alston v. Parker, 363 F.3d 229, 235 (3d Cir. 2004).

### B. Analysis

Prison officials must ensure that inmates receive adequate food, clothing, shelter and medical care. Estelle v. Gamble, 429 U.S. 97, 104 (1978). An inmate seeking to state a claim that he was denied medical treatment in violation of his Eighth Amendment rights must allege: 1) that he was suffering from a "serious" medical need; and 2) that the prison officials were "deliberately indifferent" to the serious medical need. Id. The Supreme Court of the United States has adopted a subjective approach when considering whether prison officials exhibited deliberate indifference. Farmer v. Brennan 511 U.S. 825, 842 (1994). Farmer teaches that:

> it is enough that the official acted or failed to act despite his knowledge of a substantial risk of serious harm. . . . Whether a prison official had the requisite knowledge of a substantial risk is a question of fact subject to demonstration in the usual ways, including inference from circumstantial evidence, and a factfinder [sic] may conclude that a prison official knew of a substantial risk from the very fact that the risk was obvious.

Id. at 842 (citations omitted). A showing of "a substantial risk of serious harm" under Farmer requires that "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Id. at 837. Therefore, even where there is a serious medical condition, a prisoner also must allege facts that would permit a jury to conclude that the defendant prison officials acted with a sufficiently culpable state of mind. An inmate can show deliberate indifference where, for example, "prison authorities deny reasonable requests for medical treatment . . . and such denial exposes the inmate to undue suffering" or where knowledge of the need for medical care is accompanied by an "intentional refusal to provide that care." Monmouth County Corr. Inst. Inmates v. Lanzaro, 834 F.2d 326, 346 (3d Cir. 1987) (citations omitted).

As in his previous amended complaint, Plaintiff alleges that he had a long-standing prescription for Prilosec for his stomach condition (and at one point the prescription was signed by Defendant Caramanna), and that this was denied to him for a period of eight days from December 21, 2007, through December 29, 2007. (Doc. 319-1), ¶¶ 210-232. Plaintiff alleges that he immediately complained about the lack of his medication on December 21, 2007, and continued complaining until he finally received his medication, but that former Defendants

4

McAnany and Driskill ignored his complaints.[1] Id. ¶¶ 225-231. Plaintiff alleges that Moving Defendants were "responsible for ensuring that medications for Plaintiff's chronic condition are timely received . . . and distributed . . . ." Id. ¶ 217. This is a chronic condition, and the lack of proper medication causes Plaintiff "lingering heartburn, inundated diarrhea and vomiting which contains blood. . . ." (Id. ¶ 218).

Plaintiff further alleges in his current amended complaint (Doc. 319-1) that on December 22, 2007, he filed a grievance naming Moving Defendants (among others), indicating that Plaintiff failed to receive his medication. Id. ¶ 229. Additionally, on December 26 and 27, 2010, Plaintiff submitted sick call slips to former Defendant Driskill, in which he complained of the denial of his medication and the symptoms he was suffering because of it. Id. ¶¶ 231-232. Plaintiff alleges that these slips were submitted by former Defendant Driskill, presumably to the proper recipient, and that Plaintiff's name was added to the "doctors list." Id. ¶ 233. Plaintiff alleges that Moving Defendants were on duty during this period of time, and that the above-mentioned submission of these sick call slips were reviewed by them, and informed them of Plaintiff's lack of medication and need for medical treatment from a physician or physician's assistant. Id. ¶¶ 234-235. Plaintiff avers that he was never seen by either of the Moving Defendants, nor was he provided with medication until the shipping delay which deprived him of the medication was rectified. Id. ¶¶ 235-236.

Moving Defendants argue that these allegations do not state a claim for an Eighth Amendment violation against them, because Plaintiff failed to assert in his pleadings that they

---

[1] Plaintiff is quite explicit in his filings that his claims against Moving Defendants, stemming from the alleged denial of medication from December 21-29, 2007, are based solely on personal liability. See Pl.'s Br. in Resp. to Defs.' Supplemental Mot. to Dismiss Defs. Caramanna and Lukas (Doc. 352), at 7.

were responsible for the delay in the shipment of his medication, or even knew that it was late. Defs.' Br. in Supp. of Mot. to Dismiss. (Doc. 346), at 7. This is correct with respect to the causation of the delay in shipment – indeed Plaintiff never alleges that Moving Defendants are responsible for causing this. However, Plaintiff alleges that Moving Defendants were made aware of Plaintiff's lack of medication by reviewing the "doctors list," sometime on or after December 26, 2007. (Doc. 319-1) ¶¶ 231-235. This allegation, if proven true, would allow a trier of fact to find that Moving Defendants had contemporaneous knowledge that Plaintiff was without proper medication.[2]

Additionally, Plaintiff's pleadings include allegations that it was the duty of Moving Defendants to ensure that Plaintiff timely received his prescribed medication, or to provide some alternative until his normal medications were delivered. Id. ¶ 239. Finally, Plaintiff alleges that Moving Defendants knew that he would suffer from an eight-day deprivation of his medication, but failed to act. Id. ¶ 237. Taking Plaintiff's allegations as true, as this Court must in deciding the instant motion, creates an issue of fact as to whether Moving Defendants did, in fact, draw the inference that failing to provide an alternative to Plaintiff's delayed medication caused Plaintiff to be exposed to a substantial risk of harm and undue suffering.[3] See Monmouth, 834 F.2d at 346.

---

[2] In their reply brief, Moving Defendants argue that Plaintiff never alleges facts that, if proven true, would establish that they actual knowledge of the deprivation of Plaintiff's medication. Defs.' Reply Br. (Doc. 363), at 1-2. As described above, a reading of Paragraph 234 of the amended complaint (Doc. 319-1) refutes this argument – at least for the purposes of the instant motion.

[3] Moving Defendants argue in their reply brief that Plaintiff's allegations present, at best, a disagreement with Moving Defendants over the type of medical care he received, and that Plaintiff received "significant medical services" – both of which would undermine Plaintiff's claims of deliberate indifference. See (Doc. 363), at 2-5. Reviewing the facts alleged in

Although this Court finds this to be a close call, and this claim may well prove unsustainable on summary judgment, Moving Defendants' Motion to Dismiss the claims against them arising from the events of December 21-29, 2007, should be denied at this stage.

### III. CONCLUSION

For the reasons set out in this Report and Recommendation, it is respectfully recommended that Defendants' Motion to Dismiss (Doc. 345) be denied.

In accordance with the Magistrate's Act, 28 U.S.C. § 636 (b)(1)(B) and (C), and Rule 72.D.2 of the Local Rules for Magistrates, objections to this Report and Recommendation are due by November 12, 2010. Failure to timely file objections may constitute a waiver of any appellate rights.


October 29, 2010                                s/Cathy Bissoon
                                                Cathy Bissoon
                                                United States Magistrate Judge

cc:
**ROBERT GENE REGA**
FA 4771
S.C.I. at Greene
175 Progress Drive
Wayneburg, PA 15370

---

Plaintiff's pleadings, as this Court must under the 12(b)(6) standard, it is clear that Plaintiff alleges that he received no medical treatment whatsoever from December 21-29, 2007, with respect to his gastric disease, and that this lack of treatment was contrary to the prescription for Prilosec that Defendant Caramanna himself issued nearly two months prior to the period of time in question. See (Doc. 319-1) ¶ 219. As such, this argument is wholly unpersuasive with respect to the adjudication of the motion to dismiss currently before this Court.

7