IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ROBERT GENE REGA, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 08-156 |
| | ) | |
| v. | ) | Judge McVerry |
| | ) | Magistrate Judge Bissoon |
| JEFFREY A. BEARD, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

Before this Court are three motions filed by Plaintiff Robert Gene Rega ("Plaintiff") in the above captioned case.

The first is Plaintiff's Motion for the Defendants to File a Reply to Plaintiff's Complaint (Doc. 373), in which he moves this Court to compel an answer from Defendants Lukas and Caramanna ("Defendants") to his amended complaint (Doc. 210). It appears that these Defendants had done so on December 10, 2010, see Def.s' Answer (Doc. 372) – three days prior to the date that Plaintiff placed the motion in the prison mail system. See (Doc. 373), at 5. Accordingly, this motion will be denied as moot.

Next, Plaintiff moved this Court to allow him to serve 25 additional interrogatories on Defendants. (Doc. 374). Defendants argue that it would be improper to grant Plaintiff leave to take additional interrogatories without first requiring him to establish a basis for doing so. (Doc. 379).

Rules 26 and 33 of the Federal Rules of Civil Procedure allow a court, in its discretion, to alter the limits of on the number of interrogatories that may be served on a defendant. See Fed. R. Civ. P. 26(b)(2) and 33(a)(1). However, in his current motion, Plaintiff has failed to assert any reason why this Court should do so. Instead, Plaintiff simply indicates that he interprets the

1

case management order to entitle him to serve additional interrogatories.[1] (Doc. 374) ¶ 2. Given Plaintiff's failure to demonstrate why additional interrogatories are necessary, and the length of time that discovery has been pending, this Court will deny this motion. Cf. C.M. v. Board of Educ. of Union County Regional High School Dist., 128 Fed.Appx. 876, 885-86 (3d Cir. 2005) (finding no abuse of discretion in a magistrate judge's decision not to allow additional interrogatories "in light of the protracted discovery that has already taken place in [that] case").

Finally, Plaintiff moves for an entry of default judgment against Defendants. (Doc. 376). Plaintiff contends that Defendants' answer was untimely under Rule 12(a)(4)(A) of the Federal Rules of Civil Procedure.[2] Id. at 2. Plaintiff argues that Defendant Lukas was required to file an answer on or before March 15, 2010 – 13 days after this Court issued a report and recommendation (Doc. 315) recommending the denial of her motion to dismiss certain claims (Doc. 223). However, Judge McVerry did not issue an order denying that motion until March 23, 2010. (Doc. 332).

Similarly, Plaintiff argues that both Defendants Lukas and Caramanna were required to file an answer on or before November 12, 2010 - 14 days after this Court filed its report (Doc. 364) recommending the denial of their motion to dismiss Plaintiff's claims against them (Doc. 345). However, Judge McVerry did not issue an order denying that motion until November 23, 2010. See (Doc. 369).

---

[1] This Court notes that Plaintiff's initial response to the case management order (Doc. 370) closing discovery on January 24, 2011, (which Plaintiff characterized as "reopen[ing] discovery") was to oppose it. (Doc. 371) at 2.

[2] Plaintiff argues that Rule 12 requires the service of an answer within ten days of the denial of a motion to dismiss. (Doc. 376) at 2. A reading of the text of the current version of Rule 12, which became effective on December 1, 2009, clearly indicates that the period for filing an answer after a the denial of a motion is 14 days. See Fed. R. Civ. P. 12(a)(4)(A).

Defendants assert that they are not in default, as 42 U.S.C. § 1997e(g) abrogates their responsibility to file an answer under Rule 12(a) absent an order of the court requiring them to do so. (Doc. 380) ¶¶ 10-11. Alternatively, Defendants argue that, even if § 1997e(g) does not nullify their responsibility to file an answer within the period of time mandated by Rule 12, their answer would not have been due until December 7, 2010 – 14 days after Judge McVerry adopted the undersigned's report (Doc. 369) – and they were only three days late. (Doc. 380) ¶ 4.

It is clear from the language of the statute that § 1997e(g) prohibits the grant of default judgment against the defendant to a prisoner's § 1983 complaint, unless that defendant has 1) replied to the complaint, or 2) has failed to comply with a court order requiring a reply. See 42 U.S.C. § 1997e(g)(1)-(2). However, what is less clear from the language of the statute, and what is not addressed in Defendants' response (Doc. 380) to Plaintiff's motion (Doc. 376), is whether the meaning of the term "reply" is limited to a responsive pleading, or if it includes a motion to dismiss as well. Available case law provides strong support for the latter interpretation. See Bell v. Leisure, No. CIV-08-1244-R 2009 WL 1290984, at *1 (W.D.Ok. May 6, 2009) (defining "reply" in the context of § 1997e(g) as an "answer or motion to dismiss"); see also Larue v. Rubenstein, No. 2:09-0395 2009 WL 5217680, at *1 (noting that, where a waiver of reply and a motion to dismiss are filed, "no responsive pleading is due unless the court denie[s] the Motion to Dismiss"). In light of the facts surrounding the current motion, it appears that § 1997e does not shield Defendants from default judgment.

However, even if Defendants are not so shielded, the circumstances of their tardiness do not warrant the grant of default judgment. Defendants' answer was only three days late, and there is no indication in Plaintiff's motion that he suffered any prejudice whatsoever due to this

short delay.[3] See Husain v. Casino Control Com'n, 265 Fed.Appx. 130, 133 (3d Cir. 2008) (citing Chamberlain v Giampapa, 210 F.3d 154, 164 (3d Cir. 2000)) (finding that default judgment is unwarranted where there is no showing of prejudice to the plaintiff, the delay was short, and there is no indication of "culpable conduct" on the part of the defendant). Given the extent to which default judgment under Rule 55 is generally disfavored, see Husain, 265 Fed.Appx at 133 (citing Harad v. Aetna Cas. & Sur. Co., 839 F.2d 979, 981 (3d Cir. 1988)), this Court will deny Plaintiff's motion (Doc. 376).

AND NOW, this 10th day of January, 2011,

IT IS HEREBY ORDERED that the Plaintiff's Motion for the Defendants to File a Reply to Plaintiff's Complaint (Doc. 373) is DENIED AS MOOT.

IT IS FURTHER ORDERED that Plaintiff's Motion to Take (25) [*sic*] Additional Interrogatories from Defendants Caramanna and Lukas (Doc. 374) is DENIED.

IT IS FURTHER ORDERED that Plaintiff's Motion for Default Judgment (Doc 376) is DENIED.

IT IS FURTHER ORDERED that in accordance with Rule 72.C.2 of the Local Rules for Magistrates, objections to this order are due by January 24, 2011. Failure to file objections by this date may constitute a waiver of any appellate rights.

January 10, 2011  s/ Cathy Bissoon
CATHY BISSOON
UNITED STATES MAGISTRATE JUDGE

---

[3] Indeed, given that Defendants filed their answer on December 10, 2010, and Plaintiff's certificate of service indicates that he placed the instant motion in the prison mail system on the same day, see (Doc. 376) at 4, this Court is unable to contrive any scenario in which Plaintiff could have suffered prejudice due to this three-day delay.

cc:
**ROBERT GENE REGA**
FA 4771
S.C.I. at Greene
175 Progress Drive
Wayneburg, PA 15370