# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ROBERT GENE REGA, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 08-156 |
| | ) | |
| v. | ) | Judge McVerry |
| | ) | Magistrate Judge Bissoon |
| JEFFREY A. BEARD, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

Before this Court are three motions filed by Plaintiff Robert Gene Rega ("Plaintiff") in the above-captioned case.

The first is Plaintiff's Motion to Bifurcate Counts Two and Three from Count One (Doc. 392), in which he moves this Court to bifurcate his claims against Defendant Armstrong, who is an employee of the Pennsylvania Department of Corrections ("DOC"), and his claims against Defendants Caramanna, Lucas, and Moore, who are employees of Prison Health Services. Defendants Caramanna, Lucas, and Moore responded in opposition to this motion (Doc. 397), arguing, *inter alia*, that their pending motion for summary judgment (Doc. 393) makes bifurcation premature. This argument is persuasive, and thus Plaintiff's motion will be denied.

Next, Plaintiff moves for a 30-day extension of time to respond to the motion for summary judgment mentioned above. (Doc. 401). This will be granted.

Finally, this Court addresses Plaintiff's Motion for an Order to Produce and Permit the Viewing of Plaintiff's Medication Administration Records (Doc. 396). In this filing, Plaintiff alleges that, during discovery, Douglas Barbour, Esquire – the attorney representing the DOC – withheld "Medication Notes" that were contained in Plaintiff's medical records, and which

1

contained information allegedly relevant to Plaintiff's claims. (Doc. 396) ¶¶ 3-5. Plaintiff further alleges that, when he contacted the Mr. Barbour requesting these Medication Notes, he was given "identical photo copies" of the same information, which he alleges are forgeries.[1] Id. ¶ 9. Plaintiff seeks an order compelling Mr. Barbour to provide him with legitimate copies of the Medication Notes from "November, December, January and February of 2007 [*sic*]."[2] (Doc. 396-1).

Defendant Armstrong, through counsel, responds that the photocopies that Plaintiff received were, in fact, the Medication Notes that Plaintiff sought. (Doc. 402). In support of this, he includes the affidavit of Irma Vihlidal, corrections health care administrator at the State Correctional Institution at Greene ("SCI-Greene"). Ms. Vihlidal avers that the "Medication Notes" are "simply a photocopied listing of initials and signatures, containing this information for all of the medical professionals who could potentially sign the front." (Doc. 402-1) ¶ 4. Additionally, while there is space for additional notes to be entered, if necessary, no notes have been made for Plaintiff since July of 2005. Id. ¶¶ 4-5. Defendant Armstrong argues that, on this basis, Plaintiff's motion should be denied. This Court sees little value in compelling the DOC to produce a second time documents that clearly are currently in Plaintiff's possession. Thus, to the extent that Plaintiff seeks an order compelling Mr. Barbour to produce Plaintiff's Medication Notes, his motion will be denied.

However, Plaintiff also seeks an order compelling DOC officials to allow him to inspect the original files in his medical records – including any administrative records and Medical

---

[1] Plaintiff also alleges that Mr. Barbour is somehow involved in a conspiracy with various DOC officials to preclude Plaintiff from viewing his complete medical records. (Doc. 398) ¶ 4-5. This Court does not credit Plaintiff's accusation as a basis for its decision in this order.

[2] This Court presumes from the context of Plaintiff's amended complaint that he seeks medical records from November of 2007 through February of 2008.

Notes – from the relevant period of time. Plaintiff asserts that he was allowed to do so initially on March 3, 2011, which is when he first noticed alleged discrepancies between the contents of the file and what was provided to him by Defendants during discovery. Plaintiff's attempts to compare Defendant's later submissions have been stymied by prison regulations allowing inspection of medical files only once every six months.

As an initial matter, this Court notes the high level of deference that must be given to prison officials with respect to the day-to-day operation of their facilities. See Tilley v. Allegheny Cnty Jail, No. 09-299, 2010 WL 1664900, at *5 (W.D.Pa. Feb. 18, 2010) (internal citations omitted). However, Plaintiff is entitled to discovery of nonpriviledged information that is relevant to his claims. Fed.R.Civ.P. 23(b)(1). This Court notes that Defendants do not argue that the information requested by Plaintiff is protected by privilege, or that it is nonresponsive, or that allowing Plaintiff to review his medical files would affect institutional security in any way. This Court also notes that, but for institutional restrictions based on the frequency of requests, it appears that Plaintiff would be allowed to inspect these files without a court order. See (Doc. 398-2).

The dilemma faced by this Court with respect to this motion is aptly summarized in the following manner: (1) this motion could be denied, and discovery continued for six months in order to allow Plaintiff to compare the Medication Notes provided by Defendants to those in Plaintiff's file; or (2) this Court could make a *de minimis* intrusion into the day-to-day operations of SCI-Greene and order that Plaintiff be allowed to review his original medical records from the above-mentioned dates. The latter is clearly the better option. Thus, to the extent that Plaintiff seeks to be permitted to review his prison medical records from November, 2007, to February, 2008, his motion will be granted.

AND NOW, this 13th day of April, 2011,

IT IS HEREBY ORDERED that Plaintiff's Motion to Bifurcate Counts Two and Three from Count One (Doc. 392) is DENIED.

IT IS FURTHER ORDERED that Plaintiff's Motion for a Continuance to Respond to Defendants [*sic*] Motion for Summary Judgment (Doc 401) is GRANTED. Plaintiff's response is due May 18, 2011.

IT IS FURTHER ORDERED that Plaintiff's Motion for an Order to Produce and Permit the Viewing of Plaintiff's Medication Administration Records (Doc. 396) is GRANTED in part and DENIED in part, as stated above. Irma Vihidal, the correctional health care administrator of SCI-Greene, shall allow Plaintiff to inspect his medical records, including any medical administration records and associated notes, from November, 2007, through February, 2008.

IT IS FURTHER ORDERED that in accordance with the Magistrates Act, 28 U.S.C. § 636(b)(1) (A), and Rule 72.C.2 of the Local Rules for Magistrates, objections to this order must be filed by April 27, 2011. Failure to file objections will waive the right to appeal. Brightwell v. Lehman, --- F.3d ----, 2011 WL 635274, *5 n.7 (3d Cir. Feb. 9, 2011).

s/ Cathy Bissoon  
CATHY BISSOON  
UNITED STATES MAGISTRATE JUDGE

cc:  
**ROBERT GENE REGA**  
FA 4771  
S.C.I. at Greene  
175 Progress Drive  
Waynesburg, PA 15370