IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ROBERT GENE REGA, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 08-156 |
| | ) | |
| v. | ) | Judge McVerry/ |
| | ) | Magistrate Judge Kelly |
| JEFFREY A. BEARD, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## **MEMORANDUM ORDER**

The above-captioned pro se civil rights action was received by the Clerk of Court on February 4, 2008, and was originally referred to United States Magistrate Judge Francis X. Caiazza, for pretrial proceedings in accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1), and the then in-force Local Rules 72.1.3 and 72.1.4, which do not materially differ from the now in-force Local Civil Rules 72.C and D.  More recently, the case was referred to Magistrate Judge Maureen P. Kelly.

Magistrate Judge Kelly's Report and Recommendation, ECF No. 428, filed on December 13, 2011, recommended that the Moving Defendants' Motion for Summary Judgment, ECF No. 393, be granted.  ECF No. 428.  Plaintiff was informed that, in accordance with the Magistrate Judges Act, 28 U.S.C.§ 636(b)(1)(B) and (C), he had to file any objections within a specified time.  Plaintiff requested and was granted an extension of time in which to file his objections. ECF Nos. 429 to 431.

None of the objections filed by Plaintiff merit rejection of the Report and Recommendation, nor extended comment.  Contrary to Plaintiff's objections, ECF No. 431 at 6, the Report did adopt his version of the facts.  ECF No. 428 at 11 ("For present purposes, . . . we

accept Plaintiff's version of the facts"). The Report simply found his version of the facts, even when viewed, as the Report did,[1] in the light most favorable to Plaintiff, insufficient to permit any reasonable juror to find deliberate indifference.

Plaintiff repeatedly argues that questions as to people's subjective mindset are best left to a jury, and Plaintiff misleadingly quotes from <u>Anderson v. Liberty Lobby</u>, 477 U.S. 242, 256 (1986) for the proposition that "'the defendant should seldom, if ever be granted summary judgment where his state of mind is at issue.. . .'" ECF No. 431 at 6. However, when read in context, Plaintiff's quote is misleadingly shortened and his representation of that quote as a holding by the United States Supreme Court is wrong. The Supreme Court has made clear in the very case Plaintiff cites that even where state of mind is at issue, summary judgment is not foreclosed and the grant of summary judgment is proper if the plaintiff fails to carry his/her burden. <u>Anderson v. Liberty Lobby</u>, 477 U.S. 242, 256 -57 (1986), wherein the Court held that

> Respondents argue, . . . the defendant should seldom if ever be granted summary judgment where his state of mind is at issue and the jury might disbelieve him or his witnesses as to this issue. They rely on <u>Poller v. Columbia Broadcasting System, Inc.</u>, 368 U.S. 464, 82 S.Ct. 486, 7 L.Ed.2d 458 (1962), for this proposition. We do not understand <u>Poller</u>, however, to hold that a plaintiff may defeat a defendant's properly supported motion for summary judgment in a conspiracy or libel case, for example, without offering any concrete evidence from which a reasonable juror could return a verdict in his favor and by merely asserting that the jury might, and legally could, disbelieve the defendant's denial of a conspiracy or of legal malice. The movant has the burden of showing that there is no genuine issue of fact, but the plaintiff is not thereby relieved of his own burden of producing in turn evidence that would support a jury verdict. Rule 56(e) itself provides that a party opposing a properly supported motion for summary judgment may not rest upon mere allegation or denials of his pleading, but must set forth specific facts showing that there is a genuine issue for trial. Based on that Rule, <u>Cities Service</u>, 391 U.S., at 290, 88 S.Ct., at 1593, held that the plaintiff could not defeat the properly supported summary judgment motion of a defendant charged with a conspiracy without offering "any significant probative

---

[1] Report and Recommendation, ECF No. 428 at 11 (Even construing this evidence in the light most favorable to Plaintiff, it still fails to establish . . . .").

evidence tending to support the complaint." As we have recently said, "discredited testimony is not [normally] considered a sufficient basis for drawing a contrary conclusion." <u>Bose Corp. v. Consumers Union of United States, Inc.</u>, 466 U.S. 485, 512, 104 S.Ct. 1949, 1966, 80 L.Ed.2d 502 (1984). Instead, the plaintiff must present affirmative evidence in order to defeat a properly supported motion for summary judgment.

Decisions of the United States Court of Appeal for the Third Circuit are in accord; summary judgment is not foreclosed where subjective mindset is at issue. <u>See</u>, *e.g.*, <u>Heleva v. Kunkle</u>, No. 07-1684, 2008 WL 3318968 (3d Cir. 2008) (affirming grant of summary judgment to prison doctor finding no evidence of the doctor being deliberately indifferent); <u>Bull v. U.S.</u>, 143 F.App'x. 468 (3d Cir. 2005) ("Bull's claim of 'deliberate indifference' must fail on the merits, as there is no evidence in the summary judgment record from which a reasonable fact-finder could conclude that the medical staff who treated Bull acted with a reckless disregard for his medical needs."); <u>Jones v. Falor</u>, 135 F.App'x. 554, 556 (3d Cir. 2005) ("On this record, we find no evidence from which a reasonable trier of fact could conclude that the defendant medical personnel were deliberately indifferent to Jones' needs with regard to his left knee.").  Presently, we find that this case is one wherein summary judgment is properly granted to the Moving Defendants because as the Report makes abundantly clear, Plaintiff failed to produce any evidence of the subjective prong as is required and, whatever evidence Plaintiff does point to, simply does not support the existence of the subjective prong.  Hence, the Report properly recommended the grant of summary judgment based on the lack of evidence of the subjective prong.

None of the other objections merits rejection of the Report.

After *de novo* review of the pleadings and the documents in the case, together with the Report and Recommendation and objections, the following order is entered:

**AND NOW**, this 25th day of January, 2012;

**IT IS HEREBY ORDERED** that the Moving Defendants' Motion for Summary Judgment, ECF No. 393 is GRANTED.

**IT IS FURTHER ORDERED** that the Report and Recommendation, ECF No. 428, filed on December 13, 2011, by Magistrate Judge Kelly, is adopted as the opinion of the court, as supplemented by this Memorandum Order.

s/Terrence F. McVerry
United States District Judge

Dated:  January 25, 2012

cc:     The Honorable Maureen Kelly
        United States Magistrate Judge


        ROBERT GENE REGA
        FA 4771
        S.C.I. at Greene
        175 Progress Drive
        Wayneburg, PA 15370

        All Counsel of record via CM-ECF