IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| ROBERT GENE REGA, | ) | |
|---|---|---|
| Plaintiff, | ) | Civil Action No. 08-156 |
| v. | ) | Judge McVerry |
| THOMAS ARMSTRONG, | ) | |
| Defendant. | ) | |

**MEMORANDUM ORDER**

Now pending before the Court is Defendant's MOTION IN LIMINE TO PRECLUDE PLAINTIFF FROM TESTIFYING ABOUT DESTROYED VIDEO FOOTAGE (ECF No. 522), with a brief in support (ECF No. 523). Plaintiff filed a brief in opposition to the motion (ECF No. 525).

By way of background, in a request for admission, Plaintiff asked the former Superintendent of SCI Greene, Louis Folino, to "admit that the activity captured by the cameras on the Capital Case unit is recorded and preserved." Superintendent Folino responded, "This statement is Admitted in part and Denied in part. Video footage is taped over unless there is reason to preserve."

From Plaintiff's perspective, Folino's statement amounts to an admission that video footage of Inmate Overby entering Plaintiff's cell on the date of the alleged assault once existed, but was either erased or destroyed, even though Defendant had a duty to preserve it. Plaintiff argues that the video footage would have been relevant to his claim, and thus he has been prejudiced by Defendant's alleged failure to preserve it. As a result, Plaintiff contends that he is entitled to an adverse inference instruction. Defendant, on the other hand, argues that Plaintiff

1

should be precluded from introducing any evidence pertaining to the alleged video footage because (1) the existence of the footage has not been established, (2) there is no evidence that the footage (assuming it existed) was ever in Defendant's control, and (3) there is no evidence that the footage was taped over or destroyed in bad faith.

Before the Court can address whether an adverse inference instruction is warranted, it must first decide whether sanctionable spoliation has even occurred.[1] *See Bull v. United Parcel Serv., Inc.*, 665 F.3d 68, 73 n.5 (3d Cir. 2012) (noting the distinction between what the elements for finding that spoliation occurred versus finding that sanctions are warranted). "Spoliation occurs where: the evidence was in the party's control; the evidence is relevant to the claims or defenses in the case; there has been actual suppression or withholding of evidence; and, the duty to preserve the evidence was reasonably foreseeable to the party." *Id.* at 73. As the Third Circuit has further explained, "a finding of bad faith is pivotal to a spoliation determination." *Id.* at 79. Bad faith, in this context, means that the defendant intentionally withheld the evidence. *Id.* Thus, "where there is no showing that the evidence was destroyed in order to prevent it from being used by the adverse party, a spoliation instruction is improper."[2] *U.S. v. Nelson*, 481 F. App'x 40, 42 (3d Cir. 2012) (citation omitted).

In this case, Plaintiff has failed to adduce any evidence of bad faith. Indeed, there is no

---

1. Plaintiff fails to appreciate this distinction. He only addresses the elements that must be considered in determining whether a spoliation sanction is appropriate, without making any mention of the elements that must first be shown to establish that spoliation occurred.

2. Relying on a handful of unpublished district court cases, Plaintiff argues that a finding of bad faith is not necessary to impose a spoliation sanction. Instead, he says, a finding of negligence suffices. However, *Bull* makes quite clear that the Court cannot find spoliation and, in turn, impose spoliation sanctions without first making a finding of bad faith; negligence is not sufficient. *See Bull*, 665 F.3d at 79 ("Withholding requires intent."). The cases upon which Plaintiff relies either predated *Bull* or failed to recognize that *Bull* requires a finding of bad faith/intent. Thus, the Court does not find them to be persuasive.

evidence that Defendant ever controlled – or even saw – the video footage that Plaintiff claims to have existed, let alone that he intentionally withheld it from Plaintiff to prevent its use at trial. Accordingly, the Court finds that spoliation did not occur. Because Plaintiff cannot establish that Defendant committed spoliation, he is not entitled to an adverse inference instruction. Defendant's motion is hereby **GRANTED**, and Plaintiff is **PRECLUDED** from presenting any evidence pertaining video footage from March 31, 2007, at trial.

**SO ORDERED**, this 20th day of June, 2016,

BY THE COURT:

s/Terrence F. McVerry
Senior United States District Judge


cc: All Counsel of record via CM-ECF