IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ROBERT GENE REGA, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 08-156 |
| | ) | |
| v. | ) | Judge McVerry |
| | ) | |
| THOMAS ARMSTRONG, | ) | |
| | ) | |
| Defendant. | ) | |

## **MEMORANDUM ORDER**

Now pending before the Court is PLAINTIFF'S MOTION FOR RECONSIDERATION OR CLARIFICATION (ECF No. 517), with a brief in support (ECF No. 518). Plaintiff asks the Court to reconsider its decision, which denied his motion *in limine* regarding (1) the type of physical restraint(s) to be used and (2) the placement of corrections officers and/or U.S. Marshals in the courtroom during his civil trial. Alternatively, Plaintiff asks the Court to "clarify" its decision to reflect the parties' stipulation that "the length of Mr. Rega's incarceration, including that he is currently incarcerated and serving a life sentence" will not be discussed at trial unless Plaintiff "'opens the door[.]'" Plaintiff also requests that the Court schedule a brief conference with counsel and the U.S. Marshals to discuss security measures.

Admittedly, in ruling on Plaintiff's motion *in limine*, the Court erroneously remarked that "the jury will certainly learn that Rega is incarcerated." As Plaintiff notes, this statement failed to take into account the parties' stipulation that the jury will not learn that Plaintiff is *currently* incarcerated (though the jury will, of course, know that he was incarcerated during the incident in question). The Court's decision, however, was not premised upon this stray remark about what the jury will learn about Plaintiff's current status. Indeed, elsewhere in the Court's Memorandum

1

Order, it acknowledged that "the parties have stipulated that references to Rega's criminal history and current status will not be made at trial unless Rega opens the door[.]" ECF No. 516 at 1. The Court also made clear by granting Plaintiff's request to appear in street clothes and to drape both counsel tables with bunting that all reasonable efforts will be made to reduce the risk that Plaintiff will be prejudiced by his appearance at trial. So, in this respect, the Court sees no need for clarification of its prior decision.

All that notwithstanding, the Court should not have been so quick to "defer" to the U.S. Marshals regarding the types of security measures that will be used at trial. That decision ultimately rests with the Court, not the Marshals. *See Sides v. Cherry*, 609 F.3d 576, 582 (3d Cir. 2010). In exercising its discretion, the Court has to "balance the prejudice to the prisoner-plaintiff against the need to maintain safety or security." *Id.* at 581 (citations omitted). To that end, the Court "may rely on a variety of sources, including (but not limited to) records bearing on the inmate's 'proclivity toward disruptive and/or violent conduct' (such as the inmate's criminal history and prison disciplinary record), and the opinions of 'correctional and/or law enforcement officers and the federal marshals.'" *Id.* (quoting *Woods v. Thieret*, 5 F.3d 244, 246 (7th Cir. 1993)). "[T]hough a district court may rely 'heavily' on advice from court security officers, it 'bears the ultimate responsibility' of determining what restraints are necessary." *Id.* (quoting *Woods v. Thieret*, 5 F.3d 244, 248 (7th Cir. 1993)). If the Court decides that "restraints are necessary, it should 'impose no greater restraints than are necessary, and [ ] must take steps to minimize the prejudice resulting from the presence of the restraints.'" *Id.* (quoting *Davidson v. Riley*, 44 F.3d 1118, 1123 (2d Cir. 1995)). "[T]aking steps to reduce the visibility of restraints and the giving of limiting or curative instructions dealing with the shackles are appropriate methods of eliminating potential prejudice." *Woods*, 5 F.3d at 249.

To enable the Court to reach a more reasoned decision in this regard, the Court finds it appropriate to **VACATE** the challenged portions of its prior decision and **GRANT** Plaintiff's request for a conference with counsel for both sides and a representative of the U.S. Marshals to discuss and finalize security measures and the efforts that will be taken to minimize the potential prejudice to Plaintiff in light of those measures. *See id.* (explaining that the court should, "[a]t the least . . . hold a proceeding outside the presence of the jury to address the issue with counsel"). The conference is hereby scheduled for **June 28, 2016, at 1:00 p.m.** in Courtroom 6C. Furthermore, the Court will **DEFER** ruling on the precise nature of the restraint(s) that will be used and the placement of the corrections officers and U.S. Marshals until after the conference.

**SO ORDERED**, this 21st day of June, 2016.

BY THE COURT:

s/Terrence F. McVerry
Senior United States District Judge

cc: All Counsel of record via CM-ECF