IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | ) | |
|---|---|---|
| **ROBERT GENE REGA,** | ) | |
| Plaintiff, | ) | |
| | ) | 2:08-cv-00156 |
| v. | ) | |
| | ) | |
| **THOMAS ARMSTRONG,** | ) | |
| Defendant. | ) | |

## **MEMORANDUM ORDER**

Now pending before the Court are PLAINTIFF'S MOTION TO ALTER OR AMENDMENT JUDGMENT TO THE ORDER AND OPINION OF TERRENCE F. McVERRY DATED JULY 29, 2016 (ECF Nos. 545, 549) filed pro se by Plaintiff Robert Rega; and a MOTION FOR WITHDRAWAL OF APPEARANCE (ECF No. 548) filed by Plaintiff's court-appointed attorneys. The government has filed a response to Rega's motion; no response is necessary as to the motion filed by Rega's court-appointed attorneys; and therefore the motions are ripe for disposition.

As more thoroughly recounted in the Court's Memorandum Opinion and Order of July 29, 2016, this case arises from events that occurred on March 31, 2007, when another inmate allegedly assaulted Plaintiff while he was incarcerated and in his cell at State Correctional Institution ("SCI") Greene in the Restricted Housing Unit ("RHU"). The procedural history is lengthy and tortuous. The case was administratively closed for more than three years while the Court attempted to locate an attorney who was willing and able to accept an appointment to represent Rega in accordance with the resolution of the Board of Judges at Misc. No. 99-95 regarding Funding of Plan for the Appointment of Counsel in Select Pro Se Prisoner Civil Rights Actions.

In September 2015, the case was reopened when attorneys Nicholas Ranjan, Katherine Gafner and Samuel Reger of the law firm K&L Gates volunteered to represent Rega pro bono. It was clearly understood that attorneys Ranjan, Gafner and Reger were performing a limited, valuable service to the Court and to Rega – specifically, representation at no cost through a jury trial or settlement. Counsel have competently and professionally completed their engagement as the case is now closed and their MOTION FOR WITHDRAWAL OF APPEARANCE (ECF No. 548) is **GRANTED**. The Court appreciates their professional service.

A jury trial was scheduled to begin on Monday, July 12, 2016. The sole remaining Defendant was Thomas Armstrong, who was represented by counsel for the Commonwealth of Pennsylvania. On June 28, 2016, counsel for both parties jointly called the Court to report a settlement of the action. The case was administratively closed on July 1, 2016. On July 13, 2016, counsel for the Commonwealth filed a Motion to Enforce the Settlement. Rega's attorneys filed a response on his behalf. In that response, they represented that the essential terms of the settlement had been agreed upon. *See* ECF No. 541 ("The parties agreed to a settlement, in which Mr. Rega would release Defendant from the claims in the case in exchange for a payment of $10,000. Defendant, through the Department of Corrections ("DOC"), agrees that he will pay Mr. Rega $10,000. Mr. Rega agrees to accept this money."). Plaintiff further represented that the only dispute involved the method by which the settlement proceeds would be paid, specifically, whether Rega's settlement proceeds would be applied to offset outstanding unpaid fines in Rega's prison account. *See* ECF No. 541 (Rega remains ready to "proceed with a settlement in which a check of $10,000 net of any deductions would be delivered to his criminal defense attorney, held in his trust.").

Most pertinent to the pending motion, Rega's response stated that he had "agreed to release **all claims** in this case against Defendant (**as well as the other previously named defendants**) in exchange for a payment of $10,000." *See* ECF No. 541 at 3 (emphasis added). It is clear from the email exchange that was attached to Plaintiff's response that Rega had discussed the proposed terms of the settlement with his attorneys; and that he made no objection to the scope of the release of "all claims" and "all Defendants." The only dispute involved the offset of the settlement proceeds. As explained in the Memorandum Opinion and Order of July 29, 2016, the Court concluded that the Settlement Agreement is enforceable.[1]

In the instant motion, Rega now contends – for the first time – that he did not agree to settle and dismiss his claims against Defendants Leon Moore, James Caramanna, Michelle Lucas (nee Antanovich) and John McAnany. In response, counsel for the Commonwealth avers that the settlement was intended to be "global," and would dispose of all claims and all Defendants. The Commonwealth also represents that there was "no discussion about any aspect of the settlement agreement other than the method of payment."

The Court agrees with counsel for the Commonwealth that Rega is now attempting to inject a new objection to the settlement agreement that was not previously presented to the Court. Rega is not entitled to reconsideration of the Court's July 29 Opinion, based on an argument that he failed to raise in response to the Motion to Enforce Settlement. Indeed, Rega's current position is directly contrary to the filings made to the Court on his behalf prior to the Court's July 29th Opinion. *See* ECF No. 541 at 3 (Rega "agreed to release **all claims** in this case against Defendant (**as well as the other previously named defendants**) in exchange for a payment of $10,000.") (emphasis added).

---

[1] The case has not yet been closed because the Court has not received notice of payment by the Commonwealth.

In any event, Rega's announced intention to pursue an appeal would be frivolous. The docket reflects that summary judgment was entered in favor of Defendant McAnany (a nurse employed by the Pennsylvania Department of Corrections) and against Rega on August 27, 2010. The record further reflects that Judgment was entered in favor of Defendants Leon Moore, James Caramanna and Michelle Lucas and against Rega on January 30, 2012. ECF No. 439. Rega filed a Notice of Appeal, but the appeal was dismissed by the Court of Appeals for the Third Circuit on April 24, 2012 because Rega failed to pay the filing fee. ECF No. 448.

In accordance with the foregoing, PLAINTIFF'S MOTION TO ALTER OR AMENDMENT JUDGMENT TO THE ORDER AND OPINION OF TERRENCE F. McVERRY DATED JULY 29, 2016 (ECF No. 549) is **DENIED**.

SO ORDERED this 30th day of August, 2016.

BY THE COURT:

s/Terrence F. McVerry
Senior United States District Judge

cc: All counsel of record
(via CM/ECF)

Robert Rega
FA-4771
175 Progress Drive
Waynesburg, PA 15370
(via US Mail)