IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

ROBERT GENE REGA,
         Plaintiff,

v.

THOMAS ARMSTRONG,
         Defendant.

2:08-cv-00156

**MEMORANDUM ORDER**

Now pending before the Court is PLAINTIFF'S MOTION TO ALTER OR AMEND JUDGMENT TO THE ORDER AND OPINION OF TERRENCE F. McVERRY DATED AUGUST 30, 2016 (ECF No. 551) filed pro se by Plaintiff Robert Rega. The government filed a response in opposition to Rega's motion and it is ripe for disposition.

This is Rega's second motion for reconsideration. He now challenges the Court's denial of his first motion for reconsideration. As more thoroughly recounted in the Court's Memorandum Opinion and Order of July 29, 2016, this case arises from events that occurred on March 31, 2007, when another inmate allegedly assaulted Plaintiff while he was incarcerated and in his cell at State Correctional Institution ("SCI") Greene in the Restricted Housing Unit ("RHU"). The procedural history is lengthy and tortuous.

A jury trial was scheduled to begin on Monday, July 12, 2016. The sole remaining Defendant was corrections officer Thomas Armstrong, who was represented by counsel for the Commonwealth of Pennsylvania. On June 28, 2016, counsel for both parties jointly called the Court to report a settlement of the action. The case was administratively closed on July 1, 2016. On July 13, 2016, counsel for the Commonwealth filed a Motion to Enforce the Settlement. In opposing the motion, Plaintiff represented to the Court that the only dispute involved the method

by which the settlement proceeds would be paid, specifically, whether Rega's settlement proceeds would be applied to offset outstanding unpaid fines in Rega's prison account. As explained in the Memorandum Opinion and Order of July 29, 2016, the Court concluded that the Settlement Agreement is enforceable.[1]

In his first motion for reconsideration, Rega contended – for the first time – that he did not agree to settle and dismiss his claims against Defendants Leon Moore, James Caramanna, Michelle Lucas (nee Antanovich) and John McAnany. In response, counsel for the Commonwealth averred that the settlement was intended to be "global," and would dispose of all claims and all Defendants. The Commonwealth also represented that there was "no discussion about any aspect of the settlement agreement other than the method of payment." The Court held that Rega was not entitled to reconsideration, noting that his argument: (1) could have been raised in response to the Motion to Enforce Settlement; and (2) was directly contradicted by his earlier representation to the Court that he had "agreed to release **all claims** in this case against Defendant (**as well as the other previously named defendants**) in exchange for a payment of $10,000." *See* ECF No. 541 at 3 (emphasis added). The Court also noted that any appeal by Rega against these other Defendants would be frivolous.

Rega now seeks reconsideration of the Memorandum Order that denied his first motion for reconsideration. He contends that the Court reviewed the wrong document; disputes the averments of the Commonwealth; and reiterates his contention that he never intended to globally release other Defendants. Rega also "seeks the Court's guidance on an ancillary matter."[2]

The Commonwealth of Pennsylvania again avers that the "only" dispute regarding settlement involved the method of payment. The Commonwealth represents that the "Errata"

---

[1] The case has not yet been closed because the Court has not received notice of payment by the Commonwealth.
[2] The Court cannot rule on matters that are not ripe, nor provide legal advice to a litigant.

2

document filed by Rega (ECF No. 449) is not the settlement document originally drafted by counsel.

The purpose of a motion for reconsideration is to "correct manifest errors of law or fact or to present newly discovered evidence." *Max's Seafood Cafe ex-rel Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999) (*citing Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir. 1985)). It is well-established that a party must overcome a high hurdle to succeed in such a motion. A court should exercise its discretion to alter or amend its judgment only if the movant demonstrates: (1) a change in the controlling law; (2) a clear error of law or fact or to prevent manifest injustice; or (3) availability of new evidence not available when the judgment was granted. *See id*. Motions for reconsideration are not intended to provide a "second bite at the apple" or to provide a mechanism for losing parties to ask the Court to rethink its decision.

Rega's instant motion for reconsideration is entirely without merit. There is no need to resolve the dispute over whether Rega intended to globally release all parties because Rega never raised this issue with the Court in response to the Motion to Enforce Settlement, despite having notice and the opportunity to do so. He only raised it after the Court ruled against him. Thus, none of the narrow circumstances which might justify reconsideration exist.

In accordance with the foregoing, PLAINTIFF'S MOTION TO ALTER OR AMEND JUDGMENT TO THE ORDER AND OPINION OF TERRENCE F. McVERRY DATED AUGUST 30, 2016 (ECF No. 551) is **DENIED**.

SO ORDERED this 16th day of September, 2016.

BY THE COURT:

s/Terrence F. McVerry
Senior United States District Judge

cc: All counsel of record
(via CM/ECF)

Robert Rega
FA-4771
175 Progress Drive
Waynesburg, PA 15370
(via US Mail)